UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOUIS NIEVES,
                    Plaintiff,

                    v.                          9:04-CV-1352
                                                (GLS/GJD)

E. FAGAN, Correctional Officer, *et al.*,
                    Defendants.
_____

LOUIS NIEVES, Plaintiff *pro se*
HEATHER R. RUBINSTEIN, Ass't Attorney General for Defendants.

GARY L. SHARPE, DISTRICT JUDGE

## DECISION AND ORDER

In this amended civil rights complaint, plaintiff alleges that defendants

violated his constitutional rights when they denied him spoons, sugar, and

food between October and November of 2004.  Plaintiff also alleges that

defendants retaliated against plaintiff by filing false misbehavior reports.

Amended Complaint (AC)(Dkt. No. 5).  Plaintiff seeks substantial monetary

relief.

Presently before the court[1] is defendants' motion for judgment on the

pleadings pursuant to FED. R. CIV. P. 12(c). (Dkt. No. 29).  For the following

_____

[1] The parties are advised that the referral to a Magistrate Judge as provided for under
Local Rule 72.3 has been rescinded for purposes of this motion, and as such, any appeal taken
from this order will be to the Court of Appeals for the Second Circuit.

reasons, this court agrees with defendants and will dismiss plaintiff's complaint.

## DISCUSSION

## 1.    Judgment on the Pleadings

After the pleadings are closed, a motion to dismiss for failure to state a claim is properly brought as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983) (citations omitted).  *See* Fed. R. Civ. P. 12(b), 12(c) and 12(h)(2).  The motion for judgment on the pleadings is then treated according to the same standard as a motion to dismiss under Rule 12(b)(6). *Id.*

To survive a motion to dismiss, the plaintiff must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)(quoting *inter alia ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's factual allegations must be sufficient to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Id.* (citing *Port Dock & Stone Corp. v.*

2

*Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)).  When ruling on a

motion to dismiss, the court must accept as true all of the factual

allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89,

127 S. Ct. 2197, 2200 (2007) (citations omitted).  The court must heed its

particular obligation to treat pro se pleadings with liberality. *Phillips v.*

*Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d

150, 152 (2d Cir. 1999)(per curiam).

 In deciding a motion to dismiss, the court may review documents

integral to the complaint upon which the plaintiff relied in drafting his

pleadings, as well as any documents attached to the complaint as exhibits

and any statements or documents incorporated into the complaint by

reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)(citing

*Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)).

## 2. Facts

 Plaintiff's factual statement consists of four paragraphs.  Plaintiff

states that on November 10, 2004, defendant Fagan "committed

misconducts" by denying plaintiff spoons, sugar bags, and "food" without a

deprivation order. AC at p.2 (Facts ¶ 1).  Plaintiff also states that on

November 10, 2004, defendant Rink "committed misconducts" by denying

plaintiff spoons, sugar bags, and "food" without deprivation orders. *Id.* (Facts ¶ 2).  In plaintiff's  third paragraph, he writes that "[o]n 10/2004 - 11/2004" defendant Mucucci also "committed misconducts" by denying plaintiff spoons, sugar bags, and "food" without deprivation orders. *Id.* (Facts ¶ 3).  Plaintiff claims that the defendants acted with deliberate indifference to plaintiff's "life necessity nutritional needs." *Id.* (Facts ¶¶ 1-3).

Finally, plaintiff states that in November of 2004, defendant Myer conspired with defendants Fagan, Rink, and Mucucci to file false misbehavior reports against plaintiff "in retaliation and harassment." *Id.* (Facts ¶ 4).

## 3.    **Eleventh Amendment**

Defendants first argue that to the extent that plaintiff is asking for relief against them in their "official" capacities, the claim is barred by the Eleventh Amendment.  It is now well-settled that the state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995)(citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)).  This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3.  An action against state officers in their official capacities is

4

tantamount to an action against the state.  *Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d 84, 87 & n.1 (2d Cir. 1991)(citations omitted).

In the relief section of plaintiff's amended complaint, he states that he is seeking relief against defendants in their "individual and official capacity." AC at p.4.  This is the **only** mention of defendants' official capacities, however, to the extent that plaintiff's amended complaint may be read to allege claims against defendants in their official capacities, the complaint may be dismissed.  The individual capacity suit may not be dismissed on this basis.

**3.    Service of Process**

Rule 4 of the Federal Rules of Civil Procedure requires that service of process be made within 120 days after the complaint is filed. FED. R. CIV. P. 4(m).  If service is not effected, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*  When a plaintiff is proceeding *pro se*, he is entitled to rely upon the United States Marshal's Service to effect service. *Romandette v. Wheetabix*, 807 F.2d 309, 311 (2d Cir. 1986); *See also* 28 U.S.C. § 1915(d); LOCAL RULES N.D.N.Y. 5.1(g).

Defendants in this case argue that the amended complaint should be

dismissed as against defendant Myer for failure to serve the defendant within the appropriate time limit for service.  Summonses for service by the Marshal were issued for all defendants in the case.  On August 8, 2005, the summons was returned "unexecuted" as to defendant Myer. (Dkt. No. 11).  On September 6, 2005, the court wrote to William Gonzalez, Deputy Counsel for the Department of Correctional Services in an attempt to locate defendant Myer. (Dkt. No. 15).  On December 9, 2005, Attorney Gonzalez informed the court that defendant Myers could not be identified. (Dkt. No. 18).  No further attempts have been made to serve this defendant.

On April 30, **2008**, Magistrate Judge Di Bianco held a telephone conference to determine whether the case was ready for trial.  Plaintiff participated in the telephone conference, and although the parties indicated that the case was ready for trial, defendants requested that the court extend the deadline for dispositive motions.  An order was issued on May 1, 2008, extending the deadline for dispositive motions until July 15, 2008, and defendants filed this motion for judgment on the pleadings on July 14, 2008. (Dkt. Nos. 27, 29).

Plaintiff did not engage in any discovery to determine the identity of this defendant, and Attorney Gonzalez could not identify a corrections

officer D. Myer.  Three years have now passed since service was first attempted on this defendant, and this court finds that the amended complaint should be dismissed for failure to serve.  The court also notes that the amended complaint fails against this defendant on the merits as discussed below.

**4.    Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishments, including punishments that involve the unnecessary and wanton infliction of pain. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)(citation omitted). A claim alleging that prison conditions are in violation of the Eighth Amendment must satisfy both an objective and subjective requirement: the conditions complained of must be "sufficiently serious" from an objective standpoint, and second, the plaintiff must demonstrate the prison officials acted with a sufficiently culpable state of mind, rising to the level of "deliberate indifference." *Id.* (citing *inter alia Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

The plaintiff must demonstrate that the conditions result in an "unquestioned and serious deprivation of basic human needs," and that defendants imposed those conditions with deliberate indifference. *Jolly v.*

7

*Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996)(citing *Wilson v. Seiter*, 501 U.S. at 297; *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985)).  The required inquiry with regard to deliberate indifference is whether "the official knows of and disregards an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hathaway, supra* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Eighth Amendment requires that inmates be provided with "'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)(*per curiam*)(quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir.1980), *cert. denied*, 450 U.S. 1041(1981)).  Although the denial of food has not been explicitly held to be a *per se* violation of the Eighth Amendment, there are certain circumstances in which a substantial deprivation of food may rise to the level of a constitutional deprivation. *Id. See also McNatt v. Parker*, 96-CV-1397, 2000 U.S. Dist. LEXIS 20468, *16-18 (D. Conn. Jan. 18, 2000).

8

In a case in which an inmate was fed raw cabbage and a bread-like loaf for two weeks, the Second Circuit reversed an order dismissing the complaint for failure to state a claim. *Phelps v. Kapnolas*, 308 F.3d 180 (2d Cir. 2002).  In that case, plaintiff had alleged that as a result of being placed on the diet for two weeks, he lost over thirty pounds, suffered severe abdominal pain, and suffered severe emotional distress, causing or exacerbating mental illness from which he continued to suffer. *Id.* at 182.  A substantial deprivation of nutritionally adequate food violates the Eighth Amendment if the food is served in a fashion that presents an immediate danger to the inmate's health and well-being. *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 213 (N.D.N.Y. 2001).

On the other end of the spectrum, in *McNatt*, 2000 U.S. Dist. LEXIS 20468 at *16-17, the plaintiffs claimed that the serving sizes in restricted housing were too small..  The court held that the plaintiffs had not demonstrated that the food was nutritionally inadequate or that they had suffered any ill effects from the reduced portions. *Id.* (citing *Bean v. Washington*, No. 99 C 3003, 1999 U.S. Dist. LEXIS 14893 (N.D. Ill. Sept. 9, 1999)(holding that it is insufficient to claim dissatisfaction with food, unaccompanied by a showing that the food did not meet nutritional needs

or caused ill health)).  Withholding food for two or more *days* has been

held to be sufficiently serious to state an Eighth Amendment claim. *See*

*Abascal v. Fleckenstein*, 06-CV-349, 2008 U.S. Dist. LEXIS 60322, *14-16

(W.D.N.Y. Aug. 7, 2008)(citing *Williams v. Coughlin*, 875 F. Supp. 1004,

1013 (W.D.N.Y. 1995)).  While isolated, single meal deprivations do not

rise to the level of a constitutional deprivation. *Id.* at *16.

In this case, plaintiff alleges that on *a single day*, he was denied

spoons, sugar bags, and unspecified "food" by defendants Fagan and Rink.

AC at p.2 (Facts ¶¶ 1-2).  Plaintiff states that this denial occurred without a

"deprivation order."[2]  Plaintiff's claims against defendant Mucucci are a little

unclear.  Plaintiff states that "*[o]n* [sic] 10/2004-11/2004" defendant

Mucucci denied plaintiff the same three things without a deprivation order.

*Id.* (Facts     ¶ 3)(emphasis added).  Although it is unclear, it appears that

plaintiff is referring to the same date, i.e. November 10, 2004.  It does not

---

[2] The Department of Correctional Services regulations provide for deprivation orders as disciplinary sanctions after the inmate has had a hearing and has been found guilty of certain misbehavior. *See Trammell v. Keane*, 338 F.3d 155, 158 (2d Cir. 2003) (citing 7 N.Y.C.R.R. § 305.2).  Deprivation orders curtail privileges and amenities, and must be reviewed daily by the deputy superintendent, and if lasting more than seven days, must be reissued in writing every seven days. *Id.* (citing 7 N.Y.C.R.R. § 305.2(c)).  The court does *not* interpret plaintiff's amended complaint as raising any due process claim regarding the lack of deprivation orders. However, to be entitled to due process protection, plaintiff would have to allege that the deprivations imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  Plaintiff's alleged one-day deprivation does not meet the "atypical and significant" standard.

appear that plaintiff is attempting to allege that defendants Fagan and Rink denied him these items for one day, while defendant Mucucci denied plaintiff spoons, sugar bags, and unspecified "food" for two months.

Clearly the deprivation of "spoons and sugar bags" for one day is not even close to a "sufficiently serious" deprivation to meet the first prong of the Eighth Amendment analysis. Even the deprivation of all food for *one day* does not meet the sufficiently serious standard. Even assuming that plaintiff were alleging deprivations occurring between October and November of 2004, deprivation of spoons and sugar bags for two months would not be a sufficiently serious deprivation to meet the first prong of the Eighth Amendment standard.

Although, the deprivation of all ***food*** for two months would meet the sufficiently serious standard,[3] it does not appear that plaintiff is making that claim. Nowhere does plaintiff state that he was denied food for two months, and he lists "food" as the last item on his list of deprivations. Clearly, if plaintiff had been denied food for two months, he would not have put "spoons" and "sugar bags" before the denial of food. Plaintiff has also failed to allege any injury or ill effects, resulting from these alleged

---

[3] *See Abascal v. Fleckenstein*, 06-CV-349, 2008 U.S. Dist. LEXIS 60322, at *14-16 (deprivation of food for two or more days is sufficiently serious).

"denials."

Plaintiff clearly mentions that these deprivations occurred for only one day with respect to defendants Fagan and Rink.  Thus, any Eighth Amendment claim may be dismissed as against these two defendants. While the claim against defendant Mucucci is a little unclear, as written, plaintiff's amended complaint fails to state a claim.[4]  The court will dismiss plaintiff's complaint without prejudice, and if plaintiff was attempting to claim that he was denied food for two months by defendant Mucucci, he may file a second amended complaint, clarifying his claim.

## 5.    Retaliation

Any action taken by defendants in retaliation for the exercise of a constitutional right, even if not unconstitutional in itself, states a viable constitutional claim. *Franco v. Kelly*, 854 F.2d 584, 588-90 (2d Cir. 1988).

In order to establish a claim of retaliation for the exercise of a constitutional right, plaintiff must show first, that he engaged in constitutionally protected conduct, and second, that the conduct was a substantial motivating factor for adverse action taken against him by defendants. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)(citing

---

[4] This is true, notwithstanding the liberality that must be afforded *pro se* plaintiffs.

Gayle v. Gonyea, 313 F.3d 677 (2d Cir. 2002); *Hendricks v. Coughlin*, 114

F.3d 390 (2d Cir. 1997)).  The court must keep in mind that claims of

retaliation are "easily fabricated" and thus, plaintiff must set forth

non-conclusory allegations. *Id.* (citing *Dawes v. Walker*, 239 F.3d 489, 491

(2d Cir. 2001), *overruled on other grounds, Swierkiewicz v. Sorema*, N.A.,

534 U.S. 506 (2002)).

        The inmate must demonstrate both the "adverse action" and a causal

connection between the adverse action and the protected conduct. *Gill v.*

*Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)(citing *Dawes*, 239 F.3d at

492).  In order to be "adverse," the action taken by defendants would have

to deter "a similarly situated individual of ordinary firmness from exercising

his or her constitutional rights." *Zaire v. Coryer*, 204 Fed. Appx. 948, 949

(2d Cir. 2006) (citing *Dawes*, 239 F.3d at 493).  If the conduct would not

deter a similarly situated inmate, then the "retaliatory act is simply *de*

*minimis* and therefore outside the ambit of constitutional protection."

*Dawes*, 239 F.3d at 493.  The Second Circuit has stated that this objective

test applies even where a particular plaintiff was not himself "subjectively

deterred." *Gill v. Pidlypchak*, 389 F.3d at 381.

        In this case, plaintiff alleges that in November of 2004, defendant D.

13

Myer acted "in concert" with defendants Fagan, Rink, and Mucucci in filing false misbehavior reports against plaintiff.  The court first notes that plaintiff has no due process right to be free from false misbehavior reports as long as the subsequent disciplinary hearings comport with due process. *Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988). There is an exception to this rule if the false misbehavior reports are made in retaliation for the exercise of a constitutional right. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)(citing *Franco*, 854 F.2d at 588-90).

Although plaintiff in this case makes a conclusory statement that the allegedly false misbehavior reports were "in retaliation and harassment," he does not state any constitutionally protected conduct that allegedly resulted in this "retaliation."  Without alleging that he was engaged in constitutionally protected conduct, plaintiff cannot even meet the first element for a retaliation claim.  This is exactly the type of conclusory claim that cannot withstand dismissal.  Thus, plaintiff's retaliation claim is dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendants' motion for judgment on the pleadings (Dkt. No. 29) is **GRANTED**, and plaintiff's amended complaint is

14

**DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE**.

Dated: February 11, 2009

_____
United States District Court Judge